(COB #219 voDisml109h)(03/06)

# IN THE UNITED STATES BANKRUPTCY COURT
### District of Colorado,
HONORABLE Joseph G. Rosania Jr.

In re:

    Bertie Lou Renon

Debtor(s)

Case No.: 25-15767-JGR
Chapter: 7

SSN/TID Nos.   xxx-xx-9301

## ORDER DISMISSING CASE WITHOUT PREJUDICE DUE TO INELIGIBILITY

THIS MATTER comes before the Court on its own review. The Court, having reviewed the documents filed by the Debtor(s) finds as follows:

1. The Debtor(s) did not receive credit counseling within 180 days before filing the bankruptcy petition as required by 11 U.S.C. § 109(h)(1).

2. The Debtor(s) are not eligible for a temporary waiver of the credit counseling requirement because the Debtor(s) did not file with their bankruptcy petition a certification that:

    a. the Debtor(s) tried to get counseling from an approved agency for at least a seven day period within 180 days before filing and the agency could not provide it; AND

    b. that there were exigent (emergency) circumstances that made it necessary for the Debtor(s) to file the bankruptcy case immediately as required by 11 U.S.C. § 109(h)(3) and Fed.R.Bankr.P 1007(b)(3).

3. The qualifications for a permanent waiver of the credit counseling requirements (inability of Debtor(s) "to complete those requirements because of incapacity, disability, or active military duty in a military combat zone." 11 U.S.C. § 109(h)(4)) do not apply nor was a determination for such a waiver requested with the filing of the bankruptcy petition. Fed.R.Bankr.P 1007(b)(3).

Based upon those findings, the Court concludes that the Debtor(s) has/have not met the basic eligibility requirement to file an individual bankruptcy proceeding, no matter how serious the need and circumstances were that resulted in the Debtor(s) filing the bankruptcy petition; and, if applicable, since the Debtor(s) did not meet the requirements of 11 U.S.C. § 109(h)(3), it does not change the result even if the Debtor(s) obtained credit counseling after the case was filed. Therefore, the Court cannot grant any form of relief in this case. Accordingly, it is

ORDERED that this case is DISMISSED under 11 U.S.C. § 109(h) for ineligibility.

FURTHER ORDERED that this dismissal shall be WITHOUT PREJUDICE.

FURTHER ORDERED that the Clerk shall give notice of this dismissal pursuant to Fed.R.Bankr.P. 2002(f), utilizing whatever addresses may be available from the record.

Dated: 9/23/25

BY THE COURT:

s/ Joseph G. Rosania Jr.
United States Bankruptcy Judge